**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF MCKINNEY SALVAGE & HEAVY LIFT, INC., AS OWNER AND OPERATOR OF THE M/V TUSCALOOSA, OFFICIAL #269006, PRAYING FOR EXONERATION OR LIMITATION OF LIABILITY** | **CIVIL ACTION**<br><br>**NO.**<br><br>**JUDGE**<br><br>**MAGISTRATE JUDGE** |

**<u>COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY</u>**

The Complaint of McKinney Salvage & Heavy Lift, Inc. (hereinafter "McKinney") in a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure, with respect, represents:

I.

At all times pertinent hereto, McKinney was and now is a corporation duly organized and existing under and by virtue of the laws of the State of Louisiana, and the owner and operator of the M/V TUSCALOOSA, Official No. 269006.

II.

At all times pertinent hereto, the M/V TUSCALOOSA was a vessel of the United States, and at all material times was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and fit for the service in which it was engaged.

III.

On or about June 14, 2017, Joshua Broussard, who was employed as a deckhand/apprentice mate was serving aboard and is alleged to have been injured when disembarking from or boarding the M/V TUSCALOOSA.

IV.

As a result of the alleged accident/injury, the said Joshua Broussard came on the care of and was treated by Dr. Ricardo Rodriguez and the Baton Rouge Orthopedic Clinic, which treatment involved surgery to Joshua Broussard's left knee and subsequent follow-up care.

V.

The said Joshua Broussard alleges that Dr. Rodriguez committed medical malpractice during or in connection with his treatment and/or the surgery that was performed on June 30, 2017 and that his knee injury of June 14, 2017 was caused to become worse or has prevented Joshua Broussard from achieving a full or proper recovery, thereby allegedly rendering Joshua Broussard permanently disabled.

VI.

On June 18, 2018, the said Joshua Broussard filed suit against McKinney, Dr. Rodriguez and the Baton Rouge Orthopedic Clinic in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in the matter entitled Joshua Broussard v. McKinney Salvage & Heavy Lift, Inc., Dr. Ricardo Rodriguez, Baton Rouge Orthopaedic Clinic, LLC, ABC Insurance Company, DEF Insurance Company and XYZ Insurance Company, docket number C-670439 as a result of the aforementioned alleged

accident/injury of June 14, 2017, and the subsequent treatment and alleged malpractice by Dr. Rodriguez.

VII.

The aforesaid incident(s) and resulting injuries, losses and/or damages of Joshua Broussard (if any) were neither caused nor contributed to by any fault or neglect on the part of McKinney, nor anyone for whose acts McKinney is or may be responsible, or by the M/V TUSCALOOSA, which was in good condition and in all respects seaworthy and suitable for the service in which it was engaged; but on the contrary, was caused solely by the fault and/or neglect of Joshua Broussard or other persons and/or by conditions for whom or for which McKinney cannot be held responsible.

VIII.

McKinney has valid defenses to all such claims of Joshua Broussard or any other person or party who may have any right or cause of action stemming from the incident(s) described above; and McKinney desires to contest its liability for any such claims, and further aver that it is entitled to a decree exonerating it from liability.

IX.

McKinney further shows that the aforesaid injuries and any other losses or damages were done, occasioned and incurred without fault on the part of McKinney and without is privity or knowledge, and there were no owners or officers of McKinney on or near the M/V TUSCALOOSA when the June 14, 2017 incident occurred. Should this Honorable Court, however, adjudge that McKinney is liable to any extent in the premises, then McKinney claims the benefit of the Limitation of Liability Act, set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

X.

At the beginning of the subject voyage of the M/V TUSCALOOSA, McKinney exercised due diligence to make the M/V TUSCALOOSA in all respects seaworthy and well and sufficiently equipped and supplied.

XI

The following person, on information and belief, may assert claims against McKinney, as a result of the foregoing incident:

1. Joshua Broussard
2. Dr. Ricardo Rodriguez
3. The Baton Rouge Orthopedic Clinic

In addition to the foregoing claim, McKinney anticipates that additional claims may be asserted against it and/or the M/V TUSCALOOSA by other persons or parties for damages, injuries, or other losses as a result of the casualty described above. McKinney avers that the amount of the damages and/or claims hereinabove described and all other

possible claims against McKinney and the M/V TUSCALOOSA may exceed the amount or value of McKinney's interests in the M/V TUSCALOOSA and its pending freight, having a combined value of FIVE HUNDRED THOUSAND AND 00/100 ($500,000.00) DOLLARS at the time of the casualty.

IV.

McKinney avers, in accordance with the annexed affidavit of an independent, qualified marine surveyor, that the M/V TUSCALOOSA had a fair market value of $500,000.00 DOLLARS immediately following the aforementioned occurrence.

V.

Under the circumstances of this case the value of the freight pending at the time of the incident in suit, within the meaning of the applicable statutes, was ZERO.

VI.

McKinney offers and files contemporaneously herewith a Letter of Undertaking (jointly submitted in counter-parts from McKinney's insurers) as security for the full sum but not to exceed McKinney's interest in the M/V TUSCALOOSA at the time of the incident herein; and in addition thereto, McKinney is prepared to give bond or stipulation for any amount in excess of the Letter of Undertaking as may be ascertained and determined to be necessary under any orders of this Honorable Court.

VII.

McKinney avers that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the voyage referred to above, so far as known to McKinney, and except as herein set forth.

VIII.

McKinney, as owner and operator of the M/V TUSCALOOSA claims exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforesaid occurrence. McKinney further avers that it has valid defenses separately and/or collectively on the merits to any and all such claims.

IX.

McKinney specifically claims the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

X.

McKinney further specifically avers that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on its behalf, but also on behalf of its primary and excess liability underwriters and protection and indemnity underwriters, who shall be entitled to exoneration from or limitation of liability to the same extent as McKinney, and whose liability in the premises, if any, shall accordingly not exceed McKinney's liability, if any.

XI.

All and singular, the premises of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

XII.

McKinney would further suggest to this Honorable Court that this Complaint for Exoneration from or Limitation of Liability was timely filed within the six-month prescribed period of time.

WHEREFORE, McKinney prays:

A. That this Honorable Court enter an Order approving as to quantum and form the Letter of Undertaking (executed in counterparts) filed herewith as security in the amount of $500,000.00, pending any appraisement as may be ordered by the Court of the amount of McKinney's interest in said vessel and its pending freight;

B. That this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against McKinney and its insurers and underwriters, or against the M/V TUSCALOOSA or any other property owned by McKinney, other than in these proceedings, specifically including but not limited to the aforementioned suit filed by the said Joshua Broussard in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in the matter entitled *Joshua Broussard v. McKinney Salvage & Heavy Lift, Inc., Dr. Ricardo Rodriguez, Baton Rouge Orthopaedic Clinic, LLC, ABC Insurance Company, DEF Insurance Company and XYZ Insurance Company*, docket number C-670439;

C. That the Court cause a Notice to be issued to all persons, firms and corporations having or alleging to have claims by reasons of the matters

and happenings recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this Honorable Court, on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the premises of this Complaint;

D. That the Court adjudge that McKinney, its insurers and underwriters, and/or the M/V TUSCALOOSA are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings recited in the above and foregoing Complaint;

E. That, in the alternative, if this Court should adjudge that McKinney or its insurers or underwriters are liable to any extent in the premises, the Court then adjudge that the liability of McKinney and its insurers or underwriters shall be limited to the amount of their interests in the M/V TUSCALOOSA and its pending freight, if any, immediately following the incident aforesaid; and in that event, the amount representing the value of McKinney's interest in the M/V TUSCALOOSA be given to the claimant having made due proof of his respective claims; and that a decree be entered discharging McKinney and its insurers or underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against McKinney, its insurers or underwriters, in

consequence of or arising out of or connected with the matters and happenings recited in the above and foregoing Complaint; and

F. That McKinney may have such other and further relief in the premises as may be just and proper.

Respectfully submitted,

MOULEDOUX, BLAND, LEGRAND & BRACKETT

***s/Daniel J. Hoerner***
ANDRÉ J. MOULEDOUX (#9778)
DANIEL J. HOERNER (#21706)
TREVOR M. CUTAIAR (#33082)
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
E-mail: amouledoux@mblb.com
dhoerner@mblb.com
tcutaiar@mblb.com
*Counsel for Complainant, McKinney Salvage & Heavy Lift, Inc*
Complaint for Exoneration

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants: None.

***s/Daniel J. Hoerner***